1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10  FRANK STEFFENSEN,

11            Petitioner,              No. CIV S-11-0866 GEB GGH P

12        vs.

13  RICHARD B. IVES,

14            Respondent.              FINDINGS AND RECOMMENDATIONS

15  _____/

16  Introduction

17            Petitioner is a federal prisoner proceeding pro se with an application for writ of

18  habeas corpus pursuant to 28 U.S.C. § 2241.  Pending before the court is respondent's motion to

19  dismiss (MTD), filed on June 28, 2011, to which petitioner filed an opposition on July 25, 2011.

20  Respondent contends that the petition should be dismissed for lack of subject matter jurisdiction

21  based on ripeness, failure to state a cognizable habeas claim and because petitioner lacks

22  standing.  Petitioner, who is incarcerated at the Federal Correctional Institution (FCI) - Herlong,

23  contends that the Bureau of Prisons (BOP) has not yet made a determination if he will be eligible

24  for a year off his sentence, pursuant to 18 U.S.C. § 3621(e), if he is accepted into and completes

25  ////

26  ////

1

1  the Residential Drug Abuse Program (RDAP).[1]

2  Petitioner is presently serving a 168 month sentence for being in possession with

3  the intent to distribute cocaine base.  His scheduled release date is in 2020.  Petitioner has also

4  previously been in the custody of the BOP on three prior occasions.  Petitioner was in custody

5  from August 1994 to December 2002, from September 2003 to December 2003 and from August

6  2004 to April 2005.  During his first period of incarceration petitioner completed the RDAP

7  program in 2002, yet was found ineligible for a year off his sentence at that time.[2]

8  For a determination to be made regarding the year off of a sentence, an inmate

9  must first be found appropriate for the RDAP program.  MTD at 6.  The statute governing RDAP

10  specifies "priority [for treatment will be] accorded based on an eligible prisoner's proximity to

11  release."  18 U.S.C. § 3621(e)(1)(C).  While the statute does not define "proximity to release" the

12  RDAP program states that "[i]nterviews will be conducted based on the inmate's proximity to

13  release, ordinarily no less then 24 months from release."  MTD, Appx. 1, Chapter 2, page 13.

14  The gravamen of the petition is that it is a violation of petitioner's rights that he

15  must wait until the end of his prison term before he can be eligible for the program and learn if

16  he is accepted.[3]  Petitioner requests this court to force the BOP to make the determination now if

17  he is eligible for the program and the year off his sentence.  Petitioner also asks the court to

18  _____

19  [1] RDAP is an intensive drug treatment program for federal inmates with documented substance abuse problems.  The program utilizes both individual and group activities and

20  requires at least 500 hours of treatment over a period of 6 to 12 months.  Treatment is conducted in a unit set apart from the general prison population and is followed by institutional and/or community-based transitional programs.  Successful completion of RDAP can result in up to a

21  one-year reduction in a prisoner's sentence.  Reeb v. Thomas, 636 F.3d 1224, 1225 (9th Cir. 2011)

22

23  [2] Petitioner also seeks a year off his current sentence for his completion of RDAP during a prior term of incarceration.  Not surprisingly, inmates are only eligible for the time off their sentence for completing RDAP during their current commitment. 28 C.FR. 550.55(a)(2).

24

25  [3] To the extent petitioner states this is an equal protection violation, he has failed to demonstrate that he is in a protected class.  Therefore, any Equal Protection claim would fail if the BOP had any rational basis for waiting until near the end of a prisoner's term to determine

26  eligibility for RDAP.

1   assume that he will be denied entry to the program and the year off his sentence.

2   Discussion

3          The court has no jurisdiction to review claims unless they are ripe.  United States

4   v. Streich, 560 F.3d 926, 931 (9th Cir. 2009).  The Supreme Court has explained, the

5          basic rationale [of the ripeness doctrine] is to prevent the courts, through
            avoidance of premature adjudication, from entangling themselves in abstract
6          disagreements over administrative policies, and also to protect the agencies from
            judicial interference until an administrative decision has been formalized and its
7          effects felt in a concrete way by the challenging parties.

8   Abbott Laboratories v. Gardner, 387 U.S. 136, 148-49, 87 S.Ct. 1507 (1967).  A claim is not ripe

9   "if it involves contingent future events that may not occur as anticipated, or indeed may not occur

10  at all."  Streich, 560 F.3d at 931 (quoting Thomas v. Union Carbide Agr. Prods. Co., 473 U.S.

11  568, 580-81, 105 S.Ct. 3325, (1985)).

12          The requirement that a party have "standing" to bring an action is part of the

13  case-or-controversy provisions of Article III of the Constitution.  Lujan v. Defenders of Wildlife,

14  504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).  There are three elements:

15          First, the plaintiff must have suffered an injury in fact-an invasion of a legally
            protected interest which is (a) concrete and particularized and (b) actual or
16          imminent, not conjectural or hypothetical. Second, there must be a causal
            connection between the injury and the conduct complained of-the injury has to be
17          fairly ... trace[able] to the challenged action of the defendant, and not ... th[e]
            result [of] independent action of some third party not before the court. Third it
18          must be likely as opposed to merely speculative that the injury will be redressed
            by a favorable decision.

19

20  Id. at 50-51 (internal quotations & citations omitted).

21          The two doctrines are related: "ripeness can be characterized as standing on a

22  timeline" and often "coincides squarely with standing's injury in fact prong."  Thomas v.

23  Anchorage Equal Rights Commission, 220 F.3d 1134, 1138 (9th Cir. 2000) (en banc).  To have

24  standing, a party must demonstrate a realistic danger that he will suffer some injury as the result

25  of the operation of the challenged statute or regulation.  Id. at 1139.

26  ////

1    In the instant case, plaintiff has not been rejected from the program and thus has

2   not suffered any injury for the court to provide relief.  Simply assuming that he will not be

3   eligible for the program and the year off his sentence is insufficient.  Petitioner urges the court to

4   rule based on future events that may not occur as anticipated, or indeed may not occur at all.

5   Petitioner asks this court to predict the issues upon which his RDAP may be denied.  This is the

6   exact type of situation that the Ninth Circuit sought to avoid in Streich.

7    To the extent the petition could be construed to challenge how the BOP prioritizes

8   entry into the RDAP program based on 24 months from release, petitioner is not entitled to any

9   relief.  See Ruby v. Thomas, 2011 WL 1549205 (D. Or. April 21, 2011) (reviewing the

10  "24–month rule" in the context of the BOP's charge to manage a residential drug treatment

11  program, the court found reasonable for the BOP to establish a time-frame for conducting

12  program interviews that takes into account the time needed for inmates to complete the program

13  and the requirement that treatment be prioritized based on proximity to release); Su'esu'e v.

14  Thomas, 2011 WL 2934315 (D. Or. June 22, 2011) (same); see also Mora–Meraz v. Thomas,

15  601 F.3d 933, 935 (9th Cir. 2010) (determining that the BOP's "unwritten requirement" that

16  prisoners must present documented evidence of substance abuse within twelve months of

17  admission into RDAP was valid under the APA).[4]

18    Petitioner could be arguing that his case is ripe because he says it is, i.e., he

19  demands an early decision such that he may litigate it with plenty of time to exhaust any type of

20  judicial review.  However, petitioner cites no authority that he can force an agency to make a

21  ruling now, despite the fact that expedited decision making for RDAP contravenes agency

22  regulations, because he desires to further litigate an adverse decision, speculating that it will be

23  adverse.  Moreover, as set forth in Reeb 636 F.3d at 1228, in challenging an individualized

24

25    [4] As it is one of the requirements to be eligible for the RDAP program that an inmate
have had a substance abuse issue, the undersigned will assume that petitioner had a substance
26  abuse problem even though he does not affirmatively plead that fact.

1  decision of the BOP in his case, petitioner would be demanding in court an individualized

2  adjudication of his RDAP eligibility, something the court has no jurisdiction to do.

3          While it is unfortunate that limited resources prevent all inmates from

4  participating in the program as soon as possible, the undersigned agrees and common sense

5  dictates that inmates soon to be released back into the community should be given the priority for

6  drug treatment.    For all these reasons, the petition should be dismissed.

7          Accordingly, IT IS HEREBY RECOMMENDED that respondent's June 28, 2011,

8  motion to dismiss (Doc. 13) be granted and this case dismissed.

9          These findings and recommendations are submitted to the United States District

10 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

11 days after being served with these findings and recommendations, any party may file written

12 objections with the court and serve a copy on all parties.  Such a document should be captioned

13 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

14 shall be served and filed within fourteen days after service of the objections.  The parties are

15 advised that failure to file objections within the specified time may waive the right to appeal the

16 District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

17 DATED: October 3, 2011

18                                     /s/ Gregory G. Hollows
                                 UNITED STATES MAGISTRATE JUDGE

19 GGH: AB
   steff0866.mtd

20

21

22

23

24

25

26